IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00361-CV

 

Pilgrim’s Pride Corporation,

                                                                      Appellant

 v.

 

Andres Lopez, Elvia Lopez, and 

Maria Guadalupe Lopez,

                                                                      Appellees

 

 

 



From the 19th District Court

McLennan County, Texas

Trial Court # 2001-987-1

 



MEMORANDUM 
Opinion



 

          Appellant
has filed an unopposed motion to dismiss this appeal and requests that costs be
taxed against the party incurring same. 
However, Appellant’s motion does not indicate that the parties have
agreed that costs should be taxed in this manner.  See
Tex. R. App. P. 42.1(d).  Therefore, the motion is granted only in
part.  The appeal is dismissed, and costs
of court are taxed against Appellant.

PER CURIAM

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Appeal dismissed

Opinion delivered and filed March
 23, 2005

[CV06]








 






 12pt">      The correct formulation would ask whether a review of all the evidence, both for and against
the finding, demonstrates that the finding of guilt is clearly wrong and unjust. Reversal for a new
trial could occur because the finding was based on weak or insufficient evidence or because the
proof of guilt, although adequate if taken alone, is offset by contrary proof to the extent that the
reasonable-doubt standard is not satisfied.
      One solution would be to recognize the burden of proof at trial in the statement of the review
standard: Given that the burden of proof at trial was beyond a reasonable doubt, does a review
of all of the evidence, both for and against the finding, demonstrate that the verdict is clearly
wrong and unjust? Such a standard would recognize that the quantum of proof is greater in the
criminal context.
 
                                                                                 BILL VANCE
                                                                                 Justice

Opinion delivered and filed December 18, 1996
Do not publish